IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,       :
                                :
        Plaintiff,               :
                                :
                                :
    v.                          :Criminal Action No. 03-02-1-JJF
                                :
ERICK VONSANDER,                :
                                :
        Defendant.              :
                                :

Adam Safwat, Esquire, Assistant United States Attorney,
of UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF DELAWARE,
Wilmington, Delaware.
Attorney for Plaintiff.

Peter A. Levin, Esquire, Philadelphia, Pennsylvania.
Attorney for Defendant.

## MEMORANDUM OPINION

January 24, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion To Withdraw Guilty Plea (D.I. 110). For the reasons discussed, the Motion will be denied.

I.  **Background**

Defendant, Erick Vonsander, was indicted on drug charges on January 14, 2003. John Deckers was appointed to represent Defendant and met with him twice before Defendant entered a guilty plea. The first meeting between Mr. Deckers and Defendant occurred on August 18, 2004. At a later evidentiary hearing, Mr. Deckers testified that he did not discuss a plea with Defendant at that time. The second meeting occurred on September 14, 2004; trial strategy and the guilty plea were discussed at that meeting. On September 23, 2004, Defendant pleaded guilty to three counts of distributing cocaine base. Presently before the Court is Defendant's Motion To Withdraw Guilty Plea (D.I. 110).

In a revised pre-sentence report issued on November 17, 2004, the sentencing guideline range was determined to be between 121 and 151 months. On May 11, 2005, a third version of the pre-sentence report was issued in which the range was adjusted to 188 to 235 months to reflect Defendant's status as a career offender. This change was communicated to the parties before the report was issued.

On May 5, 2005, after learning about the adjustment in the third pre-sentence report, Defendant filed a Motion To Withdraw Plea

1

Of Guilty (D.I. 110). On August 29, 2005, the Government determined that Defendant had not been advised of the possible effect his career offender status would have on his sentencing range prior to entering his plea. According to the Government, it offered to request sentencing at the original range of 121 to 151 months if Defendant would withdraw his Motion. Defendant refused.

The Court conducted an evidentiary hearing on the Motion on September 8, 2005. During the hearing, Defendant admitted that the Court had advised him during the initial Rule 11 hearing that his plea exposed him to a minimum penalty of 5 years imprisonment, a maximum of 40 years, a $2 million fine or both, and at least 4 years of supervised release and a $100 special assessment. The Court also warned Defendant that the exact sentence could not be known until the pre-sentence report was received and reviewed by the Court, and therefore, no one could guarantee the length of the ultimate sentence. Defendant stated that he understood the Court's statements.

## II. Parties' Contentions

By his Motion, Defendant contends that he meets the standard required to withdraw his guilty plea. First, he argues that not only did he assert his innocence regarding two of the counts, but that he sufficiently explained his reason for taking the plea. Specifically, Defendant contends that he only pleaded guilty to the charges because a friend went to trial and lost, and in order

to ensure that he spent less time in prison, he had to take the plea. Second, Defendant contends that there are several strong reasons that mandate withdrawal: he is innocent, he lacks knowledge of the court system, and he was unable to understand the plea agreement due to a language barrier. Finally, Defendant contends that since he met his initial burden of asserting his innocence and stating his reasons for withdrawal, the Government must, and has failed, to establish that it will suffer prejudice if Defendant's Motion is granted.

The Government contends that Defendant fails to satisfy the standard required to permit the withdrawal of a guilty plea. Specifically, the Government contends that Defendant carries the initial burden of asserting his innocence and showing grounds for withdrawal and that he has failed to meet this burden.

### III. Discussion

There are three factors that comprise the "fair and just reason" standard used to evaluate whether a defendant's motion to withdraw a guilty plea should be granted. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). The factors to consider are: a defendant's assertion of innocence, the strength of a defendant's reasons for withdrawal, and the prejudice to the government that could potentially result from a withdrawal. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). Under this standard, prejudice to the government is considered only if

a defendant satisfies the initial burden of establishing adequate grounds for withdrawal under the first two factors. <u>United States v. Martinez</u>, 785 F.2d 111, 116 (3d Cir. 1986); <u>Jones</u>, 336 F.3d at 255.

Under the assertion of innocence factor, a defendant is required to present facts that support a showing of innocence. <u>United States v. Monac</u>, 120 Fed. Appx. 924, 927 (3d Cir. 2005)(citing <u>Jones</u>, 336 F.3d at 253). As such, "bald assertions of innocence," are insufficient to meet this requirement. <u>Monac</u>, 120 Fed. Appx. at 927.

The Court concludes that Defendant has failed to present sufficient proof of his innocence. Defendant contends that he sufficiently asserted his innocence because he previously told Mr. Deckers he was not guilty of two of the charges. Defendant explains his acceptance of the plea offer by stating that he believed it was the only way he could be guaranteed less prison time. These bald assertions are insufficient to satisfy the assertion of innocence factor under the fair and just reason standard.

The Court's conclusion that Defendant has failed to present evidence of his innocence is bolstered by Defendant's actions, which contradict an assertion of innocence. The plea colloquy transcript establishes that the Court reminded Defendant that it was not possible to provide any guarantees regarding his

sentence, and Defendant acknowledged that he understood this. Additionally, at the September 8, 2005, evidentiary hearing on the instant motion, Defendant testified that he was innocent of the charges; however, on cross-examination he testified that he was truthful at the Rule 11 hearing when he admitted that he had assisted in the distribution of drugs.

The Court also concludes that Defendant has failed to present sufficient reasons for withdrawal. Defendant contends that he lacked understanding of the plea agreement because he only met with Mr. Deckers briefly on two occasions and this was not sufficient time for him to understand his strategical options. Further, Defendant contends that he lacked understanding of his plea agreement due to a language barrier. The Court finds these reasons unavailing.

At the Rule 11 hearing, Defendant, who was under oath, was asked by the Court if he understood the charges against him, the terms of the plea agreement, and his various rights, including his right to continue with his not guilty plea. Defendant replied yes to each of these inquiries, as well as similar questions during the colloquy. Despite the record of these affirmations, Defendant contends that he believed that pursuant to his plea agreement, his sentence would not exceed seven and one-half years. However, Defendant has not proffered evidence to establish this contention. Additionally, the Court explained to

5

Defendant that he potentially faced a maximum penalty of 40 years on each of the three charged counts, and the record establishes that the Court explained several times that it was not possible to advise Defendant as to what his sentence would be until the pre-sentence report was received and reviewed. Finally, Defendant refused an interpreter several times; however, the Court had an interpreter on standby to assist Defendant. It would be bad policy to allow withdrawal of a guilty plea every time a defendant claimed that he could not understand the plea due to his own refusal to have the assistance of an interpreter.

Because the Court concludes that Defendant has failed to offer sufficient evidence of his innocence and reasons in support for a withdrawal of plea, the Court will not consider the prejudice to the Government under the third factor.

## IV. Conclusion

For the reasons discussed, the Court will deny Defendant's Motion To Withdraw Guilty Plea (D.I. 110).

An appropriate Order will be entered.